1
2
3
4
5
6
7
8          IN THE UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   YOLANDA A. MOJARRO,

11              Plaintiff,                No. CIV S-10-1439 MCE EFB PS

12        vs.

13   JPMORGAN CHASE BANK, N.A.;
     CALIFORNIA RECONVEYANCE
14   COMPANY; LONG BEACH
     MORTGAGE COMPANY;
15   DOES 1 through 1000,                 ORDER AND
                                          ORDER TO SHOW CAUSE
16              Defendants.
     _____/
17

18        This case, in which plaintiff is proceeding *pro se*, is before the undersigned pursuant to

19   Eastern District of California Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).  On June 10,

20   2010, defendants removed the action to this court from Sacramento County Superior Court on

21   the ground that plaintiff's complaint alleges federal claims, and on June 21, 2010, moved to

22   dismiss plaintiff's complaint.  Dckt. Nos. 2, 9.  Defendants noticed the motion for hearing on

23   August 4, 2010.  Dckt. No. 9.

24        Court records reflect that plaintiff has filed neither an opposition nor a statement of

25   non-opposition to defendants' motion.  Local Rule 230(c) provides that opposition to the

26   granting of a motion, or a statement of non-opposition thereto, must be served upon the moving

                                           1

party, and filed with this court, no later than fourteen days preceding the noticed hearing date or, in this instance, by July 21, 2010.  Local Rule 230(c) further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party."

Local Rule 183, governing persons appearing *in pro se*, provides that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be ground for dismissal, judgment by default, or other appropriate sanction.  Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." *See also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal.").  *Pro se* litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Accordingly, good cause appearing, IT IS HEREBY ORDERED that:

1.  The hearing on defendants' motion to dismiss is continued to September 22, 2010.

2.  Plaintiff shall show cause, in writing, no later than September 8, 2010, why sanctions should not be imposed for failure to timely file an opposition or a statement of non-opposition to the pending motion.

3.  Plaintiff shall file an opposition to the motion, or a statement of non-opposition thereto, no later than September 8, 2010.

4.  Failure of plaintiff to file an opposition will be deemed a statement of non-opposition to the pending motion, and may result in a recommendation that this action be dismissed for lack of prosecution.  *See* Fed. R. Civ. P. 41(b).

////

////

////

1         5.  Defendants may file a reply to plaintiff's opposition, if any, on or before September

2    15, 2010.

3         SO ORDERED.

4    DATED:  July 27, 2010.

                                    EDMUND F. BRENNAN

5                                        UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26